UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PAN AM SYSTEMS, INC.**, a Florida corporation with a place of business in Dover, County of Stafford, State of New Hampshire<br><br>**SPRINGFIELD TERMINAL RAILWAY COMPANY**, a Vermont corporation with a place of business in North Billerica, County of Middlesex, State of Massachusetts<br><br>and<br><br>**DAVID ANDREW FINK**, of Amherst, County of Hillsborough, State of New Hampshire<br><br>*Plaintiffs*<br><br>v.<br><br>**CHALMERS HARDENBERG**, of Yarmouth, County of Cumberland, State of Maine<br><br>**C.M. HARDENBERG, P.A.**, a Maine Corporation with a place of business in Yarmouth, County of Cumberland, State of Maine<br><br>and<br><br>**ATLANTIC NORTHEAST RAILS & PORTS**<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **COMPLAINT AND DEMAND**<br>)     **FOR JURY TRIAL** |

      Plaintiffs Pan Am Systems, Inc., Springfield Terminal Railway Company and David Andrew Fink, by and through their attorneys, Thad B. Zmistowski of the firm of Eaton Peabody,

complain against Defendants Chalmers Hardenberg, C.M. Hardenberg, P.A. and Atlantic Northeast Rails & Ports as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Pan Am Systems, Inc. ["PAS"] is a Florida Corporation with a place of business in Dover, New Hampshire.

2. Springfield Terminal Railway Company ["ST"] is a Vermont corporation with a place of business in North Billerica, Massachusetts. PAS is the ultimate parent corporation of ST.

3. Plaintiff David Andrew Fink was the President and Chief Executive Officer of Pan Am Systems, Inc. from approximately 2000 to March 2011.

4. Defendant Atlantic Northeast Rails & Ports is a widely read weekly trade newsletter and e-bulletin covering the Northeastern United States, Eastern Quebec and the Canadian Maritimes regions, with a place of business in Yarmouth, Maine.

5. Defendant Atlantic Northeast Rails & Ports maintains a website that contains back issues of its newsletters, maps and a database about shippers, ports, railroads and intermodal facilities.

6. Defendant Chalmers Hardenberg is a resident of the Town of Yarmouth, Maine.

7. Defendant Chalmers Hardenberg is the editor, publisher, owner and principal of Atlantic Northeast Rails & Ports.

8. Defendant C.M. Hardenberg is a Maine corporation with a place of business in Yarmouth, Maine.

9. Defendant C.M. Hardenberg is an owner and principal of Atlantic Northeast Rails & Ports.

10. This Court has jurisdiction over this matter under Title 28, *United States Code*, § 1332, because (a) it is a civil action; (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (c) it is an action between citizens of different states.

11. Plaintiffs demand a jury trial.

## FACTUAL ALLEGATIONS

12. On multiple occasions as indicated below, the Defendants published, without privilege, as fact untrue information regarding the Plaintiffs in Atlantic Northeast Rails & Ports Newsletters and E-Bulletins, as well as on the Atlantic Northeast Rails & Ports website; such publications contained false and defamatory statements (emphasized in bold, italic and underlined text below) including, but not limited to, the following:

- Atlantic Northeast Rails & Ports, December 2, 2009, Issue 09#11B: "**ST: COAL DERAILMENT**" "Peter Burling, chair of the New Hampshire Rail Transit Authority, blamed ST for the accident. *'What has happened here is a perfectly predictable accident – but it's hard to describe it as an accident, since the probabilities were so clear it was going to take place. The only thing we didn't know is when and where.... A horrendously dilapidated railroad system has caused a slow-moving coal train to fall off the tracks*.'"

- Atlantic Northeast Rails & Ports, October 22, 2010, Issue 10#10A; Atlantic Northeast Rails & Ports, October 12, 2010, E-bulletin(ll): "**PAN AM AT NEARS**" "**PATRIOT CORRIDOR CONGESTION**" "*In addition to the complaints from Maine and New Hampshire [see 10#09B] about how long cars are taking to move from Mechanicville to Ayer, one other prominent customer at NEARS was dissatisfied with Pan Am*

*service. She's been familiar with it for many years and would say only this: 'It's been consistent. Consistently bad.'*

An official from a railroad which interchanges with Pan Am said the PAS inability to move cars quickly meant that three of his significant customers had recently near run out of inbound material and approached the need to shut down. 'I can't have that,' he said; 'I had to route around them.' {*ANR&P* coverage}"

- Atlantic Northeast Rails & Ports, November 8, 2010, Issue 10#10B; Atlantic Northeast Rails & Ports, November 2, 2010, E-bulletin(oo): "**ST: HOME-GROWN APUs**" "**A wise use of company resources?** Terry Judge, sales and marketing director plus communications manager for Kim Hotstart, which manufactures many of the APUs used in North American locomotives, was bemused by the Pan Am move. *'I would think they have plenty of other challenges, [such as] safety challenges, employee relations and locomotive maintenance.'*"

- Atlantic Northeast Rails & Ports, December 21, 2010, Issue 10#12A; Atlantic Northeast Rails & Ports, December 10, 2010, E-bulletin(ww): "**NEGS: UPDATE**" "**Better interchange would mean more customers** *Despite ST's promise to locate a crew in Concord and switch customers five days a week [see 10#05A], Dearness reported that ST has done neither*. It is now providing a switch one day a week. He believed that to serve major customers Blue Seal and Ciment Quebec, ST had to switch at least three times a week, which is 'what I provided before I left.' If ST would provide the service it promised, Dearness believes he could land two more customers. *One is 'very frustrated because it would like to start now, and can't due to the level of service and is familiar' with ST's lack of service.* The other one would like to start in May or June."

Page 4 of 8

- <u>Atlantic Northeast Rails & Ports, March 21, 2011, Issue 11#02B; Atlantic Northeast Rails & Ports, March 10, 2011, E-Bulletin(l)</u>: "**PAN AM: A NEW DAWN?**" "<u>**PAN AM OWNER TIM MELLON REMOVED DAVE FINK PERE** from management of the company according to four separate sources: one MBTA, one union, one Maine source, and one form other railroad management in New England. Sources differ on what precipitated the action, whether Fink is formally removed or is only on a 'leave of absence', and whether Mellon came to New England to administer the coup de grace or did it by telephone, but all agree that David Andrew Fink, the head of Pan Am Systems, is no longer in charge</u>."

- <u>Atlantic Northeast Rails & Ports, March 21, 2011, Issue #02B; Atlantic Northeast Rails & Ports, March 17, 2011, E-bulletin(m)</u>: "**PAN AM: HAZ-MAT SERVICE**" "<u>The railroad 'loses' cars on a consistent ongoing basis, including one car 'lost' for over 60 days....even though certain DHS and DOT statutes require carriers to release [TIH] cars within 48 hours</u>."

## COUNT I - DEFAMATION

13.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 12 as if more fully set forth herein.

14.     Defendants published false and defamatory statements about Plaintiffs including, but not limited to, those described in paragraph 12.

15.     The false and defamatory statements were published without privilege by Defendants to viewers of the Atlantic Northeast Rails & Ports' Newsletters, E-Bulletins and website.

16.     The Defendants' aforedescribed actions amount to at least negligence.

17.  Defendants published the aforedescribed false and defamatory statements with knowledge of their falsity, or in reckless disregard of the truth or falsity of such statements.

18.  The publication of the false and defamatory statements caused Plaintiffs to suffer economic damages and has harmed the Plaintiffs' reputation in the community.

WHEREFORE, Plaintiffs respectfully request that they be awarded judgment against Defendants Chalmers Hardenberg, C.M. Hardenberg, P.A. and Atlantic Northeast Rails & Ports in an amount which is just and reasonable under the circumstances, including punitive damages, that they be awarded their costs and reasonable attorney fees, and that the Court order such other and further relief as it deems to be just and proper.

## COUNT II – DEFAMATION PER SE

19.  Plaintiff David Andrew Fink repeats and realleges the allegations set forth in paragraphs 1 through 18 as if more fully set forth herein.

20.  Defendants published false and defamatory statements relating to Plaintiff David Andrew Fink's profession, occupation and official stations in which he was employed.

21.  The false and defamatory statements were published without privilege by Defendants to viewers of the Atlantic Northeast Rails & Ports' Newsletters, E-bulletins and website.

22.  The Defendants' aforedescribed actions amount to at least negligence.

23.  Defendants published the aforedescribed false and defamatory statements with knowledge of their falsity, or in reckless disregard of the truth or falsity of such statements.

24.  The publication of false and defamatory statements has caused Plaintiff David Andrew Fink to suffer damages.

WHEREFORE, Plaintiff David Andrew Fink respectfully requests that he be awarded judgment against Defendants Chalmers Hardenberg, C.M. Hardenberg, P.A. and Atlantic Northeast Rails & Ports in an amount which is just and reasonable under the circumstances, including punitive damages, that he be awarded his costs and reasonable attorney fees, and that the Court order such other and further relief as it deems to be just and proper.

### COUNT III – FALSE LIGHT

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 as if more fully set forth herein.

26. The aforedescribed actions by Defendants were highly offensive and constitute placing Plaintiffs before the public in a false and disparaging light.

27. Defendants had knowledge, or acted in reckless disregard, to the falsity of the aforedescribed publicized matter and the false light in which it placed Plaintiffs.

28. As a direct and proximate result of Defendants' false light conduct towards Plaintiffs, they have suffered damages for which they deserve to be compensated.

WHEREFORE, Plaintiffs respectfully request that they be awarded judgment against Defendants Chalmers Hardenberg, C.M. Hardenberg, P.A. and Atlantic Northeast Rails & Ports in an amount which is just and reasonable under the circumstances, including punitive damages, that they be awarded their costs and reasonable attorney fees, and that the Court order such other and further relief as it deems to be just and proper.

### COUNT IV – PUNITIVE DAMAGES

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 as if more fully set forth herein.

30. Defendants' aforedescribed actions were committed with actual or implied malice towards Plaintiffs.

31. Plaintiffs are entitled to an award of punitive damages against Defendants.

WHEREFORE, Plaintiffs respectfully request that they be awarded judgment against Defendants Chalmers Hardenberg, C.M. Hardenberg, P.A. and Atlantic Northeast Rails & Ports in an amount which is just and reasonable under the circumstances, including punitive damages, that they be awarded their costs and reasonable attorney fees, and that the Court order such other and further relief as it deems to be just and proper.

Dated at Bangor, Maine, this 6th day of September, 2011.

    PAN AM SYSTEMS, INC., SPRINGFIELD TERMINAL RAILWAY COMPANY and DAVID ANDREW FINK, PLAINTIFFS

By /s/ Thad B. Zmistowski
Thad B. Zmistowski, Esq.
Maine Bar No. 6960
Eaton Peabody
P.O. Box 1210
80 Exchange Street, 8th Floor
Bangor, Maine 04402-1210
(207) 947-0111
Attorneys for Plaintiffs