## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **PAN AM SYSTEMS, INC.** | ) | |
| | ) | |
| **SPRINGFIELD TERMINAL** | ) | |
| **RAILWAY COMPANY,** | ) | |
| | ) | Case No. 2:11-cv-00339-GZS |
| and | ) | |
| | ) | |
| **DAVID ANDREW FINK**, | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CHALMERS HARDENBERG**, | ) | |
| | ) | |
| **C.M. HARDENBERG, P.A.,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ATLANTIC NORTHEAST** | ) | |
| **RAILS & PORTS** | ) | |
| | ) | |
| *Defendants* | ) | |

### PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Pan Am Systems, Inc. ["Pan Am"], Springfield Terminal Railway Company ["Springfield Terminal"], and David Andrew Fink, by and through their attorneys, Thad B. Zmistowski of the firm of Eaton Peabody, object to Defendants' Motion to Dismiss and submit the following incorporated memorandum of law in opposition.

### INCORPORATED MEMORANDUM OF LAW

When reviewing whether a complaint meets the procedural requirements of Federal Rule of Civil Procedure 8(a)(2), the substantive law of the forum, in this case defamation and privacy law in Maine, must be analyzed to determine what facts must be alleged to show "that the

1

pleader is entitled to relief." F.R. Civ. P. (8)(a)(2); *see Arista Records LLC v. Does 1-27*, 584 F.Supp.2d 240, 247-50 (D.Me. 2008) (reviewing the substantive law on copyright infringement in the context of Rule 8(a)(2) pleading requirements).

In this case, Plaintiffs' Complaint includes defamation claims that constitute libel and defamation *per se*;[1] in these circumstances, malice is implied and special harm is presumed as a matter of law. *Saunders v. VanPelt*, 497 A.2d 1121, 1124 (Me. 1985); *see also Galerneau v. Merrill Lynch, Pierce, Fenner & Smith*, 504 F.3d 189, 203 (D. Me. 2007). Although implied and presumed, evidence of malice and special harm may be introduced for the purpose of enhancing damages, but is not required to show the pleader is entitled to relief. It is in this vein that the Plaintiffs have pled malice and special harm in relation to the defamatory statements, placing Defendants on notice that it intends to set forth this evidence to augment their damages.[2] *Saunders v. VanPelt*, 497 A.2d 1121, 1126 (Me. 1985) (*citing Hall v. Edwards*, 23 A.2d 889, 890 (Me. 1942)); *Restatement (Second) of Torts* § 622.

In their Motion to Dismiss, Defendants have asserted certain conditional privileges as affirmative defenses to Plaintiffs' defamation claims; namely, a First Amendment privilege based on the argument that Plaintiffs are public figures and the speech at issue involves matters of public concern. This is inappropriate in the context of a 12(b)(6) motion. Moreover, whether a privilege is applicable in the first instance is a question of law for this Court to decide based on a development of a factual record following discovery. If applicable, Plaintiffs would then bear

---

[1] Plaintiffs recognize that defamation *per se* is not a separate cause of action, but instead constitutes a defamation claim when malice is implied and special harm is presumed. Plaintiffs' intent in its Complaint was to place the Defendants on notice that, *inter alia*, this suit involves defamation *per se*. Plaintiffs also recognize that "A demand for punitive damages is not severable as a separate claim," and is instead a prayer for relief in the form of punitive damages. *Cole v. Peterson Renlty, Inc.*, 432 A.2d 752, 756 (Me. 1981).

[2] The term "malice" may apply to questions of liability as well as damages, *see Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 135 (1st Cir. 1997), a possible source of confusion when interpreting averments in a complaint. Although potentially applicable to different elements, the same factual allegations to show malice may satisfy either of these elements in a defamation claim, if applicable.

2

the burden of showing that the Defendants acted with "actual malice" and/or abused such privileges – questions of fact.

Rule 8(a)(2), however, does not require a plaintiff in a defamation claim to predict any and all conditional privileges a defendant may later raise as affirmative defenses after the commencement of an action, as well as the Court's disposition on their applicability, by including rebuttal factual allegations in the complaint.[3]  Instead, Rule 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," a requirement that the Plaintiffs have met.  F.R. Civ. P. 8(a)(2).

## STANDARD OF REVIEW

When ruling on a Motion to Dismiss for failure to state a claim, the Court must "assume the truth of all well-pled facts and give the plaintiff[s] the benefit of all reasonable inferences therefrom."  *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (1st Cir. 2009) (*quoting Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)).  A motion to dismiss for failure to state a claim "requires the court to conduct a limited inquiry, focusing not on 'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Scheuer v. Rhodes*, 415 U.S. 232, 236 (1974).  The complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims."  *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st. Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## LAW TO BE APPLIED

"When sitting in diversity a federal court must apply the 'substantive' law of the forum state" and applies federal procedural rules unless it abridges, enlarges, or modifies a substantive

---

[3] Indeed, such practice would require a plaintiff to plead facts necessary to rebut any and all privileges/defenses not yet raised, and would potentially lead to long and irrelevant statements of claims.

right.  *Connors v. Suburban Propane Co.*, 916 F.Supp. 73, 77 (D.N.H. 1996); 28 U.S.C. § 2072(b).

## ARGUMENT

### I.    MAINE LAW ON DEFAMATION

In Maine, common law defamation consists of: (1) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.  *See e.g., Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991).

When the defamation *per se* doctrine applies, malice (knowledge or reckless disregard for the truth) is implied as a matter of law and special damages are presumed.  *Saunders v. VanPelt*, 497 A.2d 1121, 1124 (Me. 1985); *see also Galerneau v. Merrill Lynch, Pierce, Fenner & Smith*, 504 F.3d 189, 203 (D. Me. 2007)    ("When [defamation] per se is established, a plaintiff need not prove special damages or malice in order to recover a substantial award.")  (*quoting Marston v. Newavom*, 629 A.2d 587, 593 (Me. 1993)).

Similarly, malice is also implied as a matter of law and special damages are presumed for defamation involving libel.  *Springer v. Seaman*, 658 F.Supp. 1502, 1508 (D.Me. 1987) ("Under Maine law, no special damages need be alleged in a claim for libel.  Nor need they be alleged in a claim for slander per se.") (internal citations omitted);  *see  Cohen v. Bowdoin*, 288 A.2d 106, 110 (Me. 1972) ("[S]ince the compliant fails to allege a claim for, or the circumstances of, special damages to the plaintiff, it must be held inadequate if only the elements of slander appear and the essential elements of libel are lacking.  We decide that the complaint states a claim upon which relief can be granted because it sufficiently alleges the ingredients of the tort of libel as

having been committed by each defendant against the plaintiff.") (*citing Buck v. Hersey*, 31 Me. 558 (1850), *and Nehoff v. Sahagian*, 103 A.2d 211(Me. 1954)) (internal footnotes omitted); *see also Restatement (Second) of Torts* § 569 (1977)[4]  ("One who falsely publishes matter defamatory of another in such a manner as to make the publication a libel is subject to liability to the other although no special harm results from the publication.").

Libel refers to defamatory statements in writing, *see Restatement (Second) of Torts § 568, cmt. b* (1977), and defamation *per se* refers to defamatory statements relating "to a profession, occupation, or official station in which the plaintiff was employed," *see Saunders*, 497 A.2d at 1124-25, as well as defamatory statements relating to corporate[5] plaintiffs, *see Restatement (Second) of Torts § 561, cmt. b* (1977) ("A corporation for profit has a business reputation and may therefore be defamed in this respect.  Thus a corporation may maintain an action for defamatory words that discredit it and tend to cause loss to it in the conduct of its business, without proof of special harm resulting to it."); *Bouligny, Inc. v. United Steel Workers of America, AFL-CIO*, 154 S.E.2d 344, 352 (N.C. 1967); *see Finnish Temperance Soc. Sovittaja v. Publishing Co.*, 130 N.E. 845, 847 (Mass. 1921) ("A corporation therefore may have a reputation which is equally as valuable to it as to a natural person, and may be injured in that reputation in the same way."); *see also Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264 (Me. 1985) (concerning a defamation action brought by a corporation and its president).

Although implied in libel and defamation *per se* cases, evidence of "malice" may be presented to enhance damages.  *See e.g., Saunders v. VanPelt*, 497 A.2d 1121, 1126 (Me. 1985) (*citing Hall v. Edwards*, 23 A.2d 889, 890 (Me. 1942)).  Further, although a plaintiff need not

---

[4] The Maine Law Court "has generally adopted the Restatement (Second) of Torts . . . in its development of common law defamation."  *Baker v. Charles*, 919 F.Supp. 41, 44 (D. Me. 1996) (*citing Staples v. Bangor Hydro-Elec. Co.*, 629 A.2d 601, 604 (Me. 1991)).

[5] This rule also applies to non-profit corporations that rely on the public for financial support.  *Restatement (Second) of Torts § 561, comments b and c* (1977)

prove special harm in libel and defamation *per se* cases, a plaintiff may still offer evidence of special harm in an attempt to augment any damage award. *Restatement (Second) of Torts* § 622.

A defendant may assert as an affirmative defense a conditional privilege that, if applicable, shifts the burden to the Plaintiff to demonstrate that the defendant abused the asserted privilege before recovering any damages. *Cole v. Chandler*, 2000 ME 104, ¶ 7, 752 A.2d 1189. A defendant may also assert as an affirmative defense a conditional privilege that arises from the First Amendment that, if applicable, may alter the standard of fault or the proof required to recover damages (e.g., speech involving public officials and public figures on matters of public concern). *See Lester v. Powers*, 596 A.2d 65, 69-70 (Me. 1991) (*citing New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964)); *cf. Galarneau v. Merrill Lynch, Pierce, Fenner, & Smith*, 504 F.3d 189, 200 (1st Cir. 2007) ("Because Merrill Lynch failed to make a case for a 'First Amendment privilege' at trial, and instead relied exclusively on the conditional privilege afforded by Maine common law, it has forfeited the argument that the First Amendment imposes a special burden on Galarneau.").

The applicability of a conditional privilege is a question of law; whether a defendant abused an asserted privilege is a question of fact. *Cole*, 2000 ME 104, ¶¶ 6-7, 752 A.2d at 1189.

## II.    RULE 8(a)(2) PLEADING REQUIREMENTS

Defendants' basis for its Motion to Dismiss is that Plaintiffs' failed to meet the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R. Civ. P. 8(a)(2).

"A 'short and plain' statement needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ocasio-Hernandez v.*

6

*Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To show an "entitlement to relief," a pleader must state enough factual material "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Ocasio-Hernandez*, 640 F.3d at 12 (*citing Twombly*, 550 U.S. at 555). "If the factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." *Ocasio-Hernandez*, 640 F.3d at 12 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss." *Ocasio-Hernandez*, 640 F.3d at 15 (*quoting Sepulveda-Villarini v. Dept. of Educ. P.R.*, 628 F.3d 25, 30 (1st Cir. 2010). When conducting this analysis, courts look to the applicable substantive law and determine whether the factual allegations, either direct or inferential, show a plausible claim. *See Arista Records LLC v. Does 1-27*, 584 F.Supp.2d 240, 248-50 (D.Me. 2008).

Defendants do not challenge the Plaintiffs' Complaint as failing to provide fair notice, but instead argue that Plaintiffs' Complaint does not contain factual material "to raise a right to relief" that is plausible.

A review of Plaintiffs' Complaint, however, shows it does contain factual allegations that allow the Court to draw reasonable inferences that Defendants are liable for the misconduct alleged.

## III. PLAINTIFFS HAVE PLED FACTUAL ALLEGATIONS TO RAISE A PLAUSIBLE RIGHT TO RELIEF FOR DEFAMATION

In this case, Plaintiffs have set forth factual allegations identifying the precise statements published by Defendants that satisfy the material elements of defamation. *See Compl. at ¶* 12. These facts form the underpinnings that support Plaintiffs' plausible claims for relief.

7

Plaintiffs have satisfied the first element of defamation by pleading specific defamatory statements concerning each plaintiff and alleging that each of these statements is false.[6]  *See Compl at 12*.  Defendants argue that plaintiff has failed to *prove* each statement's falsity; however, Plaintiffs are not required to prove their claim when pleading a claim for relief.  All that is required are factual allegations that allow the court to make reasonable inferences that the alleged statements are false, which Plaintiffs have satisfied.  *See Encompass Ins. Co. of Mass. v. Giampa*, 522 F.Supp.2d 300, 312 (D.Mass. 2007) (involving a counterclaim where "the defendants allege[d] . . . that Encompass has made false and misleading representations of fact.  These allegations are sufficient to plead falsity with respect to the contents of the press release.") (applying the *Twombly* standard of review under Rule 8(a)).

Plaintiffs have also alleged defamatory statements, not pure opinion as argued by the Defendants.  A "statement" in a defamation claim is "an assertion of fact, either explicit or implied." *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (*citing Lightfoot v. Matthews*, 587 A.2d 462 (Me. 1991).  It may also be an opinion, provided the opinion implies the existence of undisclosed defamatory facts." *Id.*; *see also True v. Ladner*, 513 A.2d 257, 261-62 (Me. 1986); *Caron v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me. 1984)).

"The determination of whether an allegedly defamatory statement is a statement of fact or opinion is a question of law . . . [but] if the average reader could reasonably understand the statement as either fact or opinion, the question of which it is will be submitted to the [fact-finder]." *Ballard v. Wagner*, 2005 ME 86, ¶ 11, 877 A.2d 1083, 1087 (*quoting Caron v. Bangor Publ'g Co.*, 470 A.2d 782, 784 (Me. 1984)).  As set forth above, "a statement of opinion may be

---

[6] Falsity is presumed under common law defamation in Maine.  *Ramirez v. Rogers*, 540 A.2d 475, 477 (Me. 1988).  It is only when matters of public concern are at issue when a plaintiff must prove falsity.  *See Philadelphia Newspapers v. Hepps*, 475 U.S. 767, 777 (1986).  In either case, Plaintiffs have adequately pled that the defamatory statements published by Defendants are false.

actionable if it implies the existence of undisclosed defamatory facts." *Ballard*, 2005 ME 86, ¶ 12, 877 A.2d at 1088 (*citing Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991)).

Defendants published statements concerning Plaintiffs Pan Am and Springfield Terminal that harm their reputations as providers of rail services, including statements that assert either expressly or by implication that the Plaintiffs (i) do a poor job with safety, employee, and locomotive maintenance, (ii) provide inadequate rail service negatively affecting their customers' businesses, (iii) neglect their rail lines and rail transportation equipment, (iv) lose rail cars that contain hazardous substances, and (v) violate homeland security and transportation laws on hazardous substances. *See Compl. at* ¶ 12. Each of the publications identified in paragraph 12 contains defamatory statements that harm Pan Am's and Springfield Terminal's reputation, as each relates to important characteristics of their business. Moreover, each of these statements is provably false, which is not the case with non-actionable opinion.

Defendants also published statements concerning Plaintiff David Andrew Fink regarding his performance as Pan Am Chief Executive Officer, asserting as fact that Mr. Fink was fired from his position at Pan Am by owner Tim Mellon. *Compl. at 12.* Plainly, to assert that Mr. Fink was fired from employment (versus a voluntary resignation and/or retirement) is a defamatory assertion of fact, which is also provably false.

Plaintiffs have also satisfied the second element of defamation by pleading that the specific defamatory statements in the complaint were published to third parties without privilege. *See Compl. at 4-5, 12, 15*.

Plaintiffs have satisfied the third element by pleading that Defendants are at fault amounting to at least negligence. Again, Defendants argue that Plaintiffs have failed to *prove* negligence, which improperly conflates the burden to produce evidence with the burden to plead

factual allegations.  Plaintiffs have alleged that Defendants negligently published the specific defamatory statements identified in the Complaint; fault that is reasonably implied by their publication of false defamatory statements to third persons, showing that Defendants failed to adequately investigate the veracity of the facts and circumstances surrounding each statement before they were published.  Plaintiffs' Complaint therefore satisfies the third element of defamation. *See Encompass*, 522 F.Supp. at 313-14 ("All of defendants have alleged that Encompass was negligent in issuing the press release.  This is sufficient in the context of a claim for defamation.")

Finally, Plaintiffs have sufficiently pled facts regarding the fourth element of defamation, which requires either acitonability of the statement irrespective of special harm or the existence of special harm caused by the publication.  As noted above, libel and defamation *per se* imply, as a matter of law, malice (knowledge or reckless disregard for the truth), and special harm is presumed.  The defamatory statements identified in Plaintiffs' Complaint involve defamatory statements in writing (libel), defamatory statements regarding a businesses' reputation (defamation *per se*), and defamatory statements relating to the occupation and official station of Mr. Fink (defamation *per se*).  As such, Plaintiffs' Complaint satisfies the fourth element of defamation regarding actionability.

Defendants argue that Plaintiffs needed to specifically make averments regarding actual malice; however, those factual allegations are only relevant when a court determines, as a matter of law, that a conditional privilege is available that rebuts the presumption of malice or alters the standard of fault (e.g., when a plaintiff is a public official and the speech at issue involves his conduct of official business.[7]  *Schatz v. Republican State Leadership Committee*, 777 F.Supp.2d

---

[7] Requiring a party to plead actual malice in libel and defamation *per se* cases to prove actionability may violate 28 U.S.C. § 2072(b).

181, 187 (D.Me. 2011).  If a conditional privilege arising out of the common law is available, then the burden shifts to the plaintiff to produce evidence that the defendant abused this conditional privilege by showing a defendant knew the statement to be false or recklessly disregarded its truth or falsity.  *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991).  Similarly, if a conditional privilege arising out of the First Amendment is available, then a plaintiff must also produce evidence demonstrating the defendant knew the statement to be false or recklessly disregarded its truth or falsity.[8]  *Masson v. New Yorker Magazine, Inc.*, 501 (U.S. 496, 510 (1991) (*quoting New York Times*, 376 U.S. at 279-80).  However, these are evidentiary burdens, not pleading burdens as Defendants attempt to assert.

Here, in consideration of Defendants' Motion to Dismiss, the Court may only consider the facts as pled in the Complaint.  Notably, these facts do not state, nor do they imply, that Plaintiffs are public figures and that the defamatory statements involve matters of public concern; and Plaintiffs do not make any such concession.  *Cf. Schatz* 777 F.Supp.2d at 187 (D.Me. 2011) ("Schatz concedes that as an elected official he is a 'public figure' for purposes of First Amendment analysis.")  Unlike *Schatz*, which involved public discussion of the past performance of n elected official in the heated context of an election campaign, the defamatory statements in this case involve a private railroad company providing transportation services to private commercial customers and the job performance of its CEO – private figures involving matters of private concern.

Moreover, even if applicable, the existence of a conditional privilege does not support the dismissal of a defamation claim under Rule 12(b)(6).  *See Ocasio-Hernandez*, 640 F.3d at 16 ("Because precise knowledge of the chain of events leading to the constitutional violation may

---

[8] Common law malice refers to the state of mind (e.g., ill will or spite), whereas First Amendment malice incorporates a fault standard.  *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 135 (1st Cir. 1997).

often be unavailable to a plaintiff at this early stage of the litigation, we take to heart the Supreme Court's call to 'draw on our 'judicial experience and common sense' as we make a contextual judgment about the sufficiency of the pleadings.'") (*citing Sanchez v. Pereira-Castillo*, 590 F.3d 31, 50 (1st Cir. 2009) (*quoting Iqbal*, 129 S.Ct. at 1950).    Instead, it raises a question of fact regarding whether Defendants had knowledge of the falsity or acted in reckless disregard to the truth or falsity of the defamatory statements – a dispute that requires a full factual record developed through discovery and then later resolved either by summary judgment or trial.

## IV.    PLAINTIFFS ARE <u>PRIVATE</u> FIGURES

Even if the Court were to analyze at the 12(b)(6) stage whether the Plaintiffs are private or public figures and whether the defamatory statements involved matters of public concern, the facts pled in this case show that Plaintiffs are private figures and that the defamatory statements involve private matters only.

Defamation law treats public and private plaintiffs differently.  A "public official" or "public figure" must prove "actual malice"; a private figure, however, need only show that the defendant was "at fault" in publishing false, defamatory statements.  *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974).

Here, Defendants have argued that Plaintiffs must prove "actual malice" because they are limited-purpose public figures.  *Def.'s Motion to Dismiss at 7-8.*  Defendants' argument relies on a blanket public figure status for all railroads and their executives.[9]

---

[9] The case relied upon by Defendants, *Crane v. Waters*, does not stand for the proposition that all railroads are matters of public concern.  *Crane v. Waters*, 10 F. 619 (C.C. Mass. 1882) ("Some of the affairs of a railroad company are public and some are private.").  Moreover, in 1882 railroads were public carriers.  There is no allegation in the Complaint that Plaintiffs carry passengers (and, in truth, they do not).

To determine whether a defamation plaintiff is a limited-purpose public figure, however, courts conduct a detailed, fact-sensitive analysis on a case-by-case basis. *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 588-89 (1st Cir. 1980) (stating business entities are not, as a class, "public figures" for First Amendment purposes); *see also Snead v. Redland Aggregates Ltd.*, 998 F.2d 1325, 1329-30 (5th Cir. 1998) (concluding, following a trial of the issue, that a railroad company and its president were private figures). In doing so, courts examine (1) whether a public controversy exists, and (2) if so, whether the nature and extent of the plaintiffs' participation shows that they thrust themselves to the forefront of the public controversy to influence the resolution of the issues involved. *See Bruno & Stillman*, 633 F.2d at 588-89 (*citing Time, Inc. v. Firestone*, 424 U.S. 448, 454 (1976), *and Gertz*, 418 U.S. at 352). A review of the facts in this proceeding under the standard of review pursuant to Rule 12(b)(6) demonstrates that none of the Plaintiffs are limited-purpose public figures.

Here, the facts pled do not reveal a public controversy that precede the defamatory statements alleged in Plaintiffs' Complaint; indeed, there is no indication in the record that Mr. Fink, Pan Am, or Springfield Terminal were involved in any public controversy which gave rise to any of the defamatory statements. Instead, the Complaint reveals that Defendants have assumed the role of business critic, which status does not in and of itself trigger a First Amendment overlay protecting their defamatory factual assertions.

Moreover, even if a public controversy did exist, a review of the facts plead does not show that one or more of the Plaintiffs thrust itself/himself into such public controversy in an effort to affect its resolution.

Accordingly, at the 12(b)(6) stage, Plaintiffs are not public figures that must plead/show actual malice to establish plausible defamation liability. Instead, as private figures, Plaintiffs

need only plead/prove negligence, consistent with the common law in Maine. *Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 128 (1st Cir. 1997) (*citing Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991)).

## V. THE DEFAMATORY STATEMENTS DO NOT INVOLVE MATTERS OF PUBLIC CONCERN

Defendants also contend that the defamatory statements identified in the Complaint are all matters of public concern because they concern operations of the railroad industry. *Def.'s Mot. to Dismiss at 15-16*. However, this argument sweeps too broadly, improperly making any statement relating to a railroad a matter of public concern simply because railroads *themselves* are public concerns. *See Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 999 F.Supp. 137, 140-141 (D.Me. 1998) ("Wal-Mart's argument is built on a theory that *it* is an issue of public concern and, therefore, any issue that involves it raises an issue of public concern. The Court finds the ultimate conclusion of Wal-Mart's argumentation to be that any statement uttered by Wal-Mart regarding any other smaller retailer necessarily puts that speech within the realm of public concern. This sweeps too broadly.").

Matters of public concern are those that can be "fairly considered as relating to any matter of political, social or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). Conversely, matters of private concern are those that address "matters only of personal interest." *Id.* at 147. "There are three factors which the Court must analyze in order to reach a conclusion regarding whether a statement falls in the public or the private hemisphere: the form, content, and context of the speech," *Levinksky's, Inc. v. Wal-Mart Stores, Inc.*, 999 F.Supp. 137, 139 (D.Me. 1998) (*citing Connick*, 461 U.S. at 128), although "[t]he primary focus of the relevant constitutional inquiry must remain on the speech's content and the public's perception. *Levinsky's*, 999 F.Supp. at 142 (*quoting Levinsky's*, 127 F.3d at 133).

14

With respect to Mr. Fink, the content and context of the speech at issue involves his private employment status. This content and context, however, is not the type of speech that involves a matter of general public concern. *See Connick*, 461 U.S. at 147 (stating an employer's confidence in an employee and its reaction to an employee's behavior are matters of private concern).

With respect to Pan Am and Springfield Terminal, the content of the speech at issue involves railroad service to Pan Am's and Springfield Terminal's commercial customers, in the context of how their service may affect their customers' business. *See Compl. at 12.* Unlike the facts in *Levinsky's*, which involved radio advertisements and statements in the context of two competing businesses, the effect of Pan Am's and Springfield Terminal's service on its customers' business is a matter of private concern. *Cf. Levinsky's*, 999 F.Supp. at 141-42; *see also Snead*, 998 F.2d at 1330 (stating an intellectual property dispute between two businesses is a matter of private concern). Moreover, the facts pled disclose no ongoing public debate on the effect Pan Am's and Springfield Terminal's service may have, if any, that the Defendants' publication was contributing to – it was not aimed at enlightening the general public, but was instead "speech solely in the individual interest of the speaker and its specific business audience." *Id.* (*quoting Dun & Bradstreet*, 472 U.S. at 762).

The content of the speech at issue also involves safety, employee, and locomotive maintenance of Pan Am and Springfield Terminal in the context of how they allocate company resources. *See Compl. at 12.* Their allocation of company resources (the purchase of auxiliary power units versus safety, employee, and locomotive maintenance decisions), however, is not a matter of public concern, nor do the facts plead show it is part of any ongoing public debate.

Again, the intent of the publisher is not to enlighten the general public, but instead for the publisher's own individual interest and specific audience.

In any event, even if the above speech did involve matters of public concern, the Plaintiffs have satisfied Rule 8(a)(2) by setting forth allegations of their falsity and the Defendants' malice.[10]  *See Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986); *Gertz*, 418 U.S. at 348-50; *See Compl. at 12*.

## VI.    PLAINTIFF FINK HAS ADEQUATELY PLED HIS FALSE LIGHT CLAIM

Maine has adopted the Restatement[11] with respect to false light, which subjects a person to liability for placing another in a false light to the public if (i) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed.  *Restatement (Second) of Torts § 652E*; *see Veilleux v. Nat'l Broadcasting Co.*, 206 F.3d 92, 131 (1st Cir. 2000) (*citing Nelson v. Maine Times*, 373 A.2d 1221, 1225 (Me. 1977)).

Here, the publication that Tim Mellon fired Mr. Fink (via a *coup de grace*) satisfies both of these elements.  *See Wentworth-Douglas Hospital v. Young & Novis Professional Assoc.*, 2011 WL 446739 (D.N.H. 2011) (finding that statements calling into question the professional performance of a doctor could be found to be highly offensive).

---

[10] Defendants have also asserted a Fair Report privilege; however, even assuming that Maine would adopt this privilege under the circumstances of this case, a point the Plaintiffs do not concede, for the purposes of Defendants' Motion to Dismiss the Plaintiffs have set forth allegations sufficient to rebut the assertion of this conditional privilege.  Moreover, it is improper to assert the Fair Report privilege/affirmative defense in a 12(b)(6) motion, since the applicability of the privilege, as well as whether Defendants abused this privilege requires a full factual record developed through discovery.

[11] Plaintiffs recognize that the Restatement, adopted by Maine, does not allow corporations to sustain a tort action for false light, but assert this claim on behalf of Mr. Fink.  We withdraw a false light claim as it relates to the institutional defendants.

Plaintiff Fink has therefore satisfied the Rule 8(a)(2) pleading requirements for false light.

## **CONCLUSION**

For each of the above reasons, Plaintiffs respectfully request that the Court deny Defendants Motion to Dismiss.  IF the Court is inclined to grant any part of it, Plaintiffs respectfully request leave to amend their Complaint consistent with the Court's Order on this Motion.[12]

Dated:  November 21, 2011                                    Respectfully submitted,

PAN AM SYSTEMS, INC., SPRINGFIELD
TERMINAL RAILWAY COMPANY and
DAVID ANDREW FINK

By */s/  Thad B. Zmistowski*
Thad B. Zmistowski, Esq.
Maine Bar No. 6960
Eaton Peabody
P.O. Box 1210
80 Exchange Street, 8th Floor
Bangor, Maine 04402-1210
(207) 947-0111
tzmistowski@eatonpeabody.com
Attorneys for Plaintiffs

---

[12] When inclined to grant motions to dismiss pursuant to Rule 8(a), courts either provide plaintiffs with an opportunity to amend their complaint or dismiss claims without prejudice. *See Foran v. Stryker Sales Corp.*, 2011 WL 652778 (D.Mass. 2011); *Jones v. First Nat'l Bank of Ariz.*, 2010 WL 2491617 (D.Ariz. 2010); *Minsberg Intern., Inc. v. Frontier Devices, Inc.*, 2011 WL 1326863 (M.D. Fla. 2011); *Blake v. Cree, Inc.*, 2010 WL 302790 (M.D.N.C. 2010); *Oxford Expositions, LLC v. QMC, Inc.*, 2011 WL 3510907 (Bkrtcy. N.D.Miss. 2011); *see also* F.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  .

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2011, I electronically filed the foregoing Plaintiffs'
Objection to Defendants' Motion to Dismiss and Incorporated Memorandum of Law with the
Clerk of Court using the CM/ECF system which will send notification of such filing to the
following:

Sigmund D. Schutz, Esq.
Preti Flaherty
P.O. Box 9546
Portland, ME  04112-9546

By */s/  Thad B. Zmistowski*
Thad B. Zmistowski, Esq.
Maine Bar No. 6960
Eaton Peabody
P.O. Box 1210
Bangor, Maine 04402-1210
(207) 947-0111
tzmistowski@eatonpeabody.com
Attorneys for Plaintiffs

18