UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAN AM SYSTEMS, INC., | ) |
| | ) |
| SPRINGFIELD TERMINAL | ) |
| RAILWAY COMPANY, | ) |
| | ) |
| and | ) |
| | ) |
| DAVID ANDREW FINK | ) |
| | ) |
| Plaintiffs, | ) Civil No. 2:11-cv-00339-NT |
| | ) |
| v. | ) |
| | ) |
| CHALMERS HARDENBERGH, | ) |
| | ) |
| And | ) |
| | ) |
| ATLANTIC NORTHEAST RAILS & | ) |
| PORTS, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO STAY

Defendant Chalmers Hardenbergh has moved to stay this case pending the resolution of his insurer Patrons Oxford Insurance Company's ("**Patrons**") appeal of the Cumberland County Superior Court's decision that Patrons has a duty to defend the Defendant in this case. For the reasons that follow, the Court GRANTS the motion.

### BACKGROUND

After the Court dismissed without prejudice the Plaintiffs' first Complaint against Atlantic Northeast Rails & Ports and its owner, principal, publisher, and

1

editor Chalmers Hardenbergh, the Plaintiffs filed an amended three-count Complaint against Atlantic Northeast Rails & Ports and Hardenbergh, alleging defamation and false light and seeking punitive damages. Order on Defs.' Mot. Dismiss (Doc. 20); Pls.' Am. Compl. (Doc. 25).

Hardenbergh brought a duty to defend action against Patrons in Cumberland County Superior Court, and on July 17, 2012, the Cumberland County Superior Court issued an order directing Patrons to defend Hardenbergh in this action and ordering Patrons to reimburse Hardenbergh for attorney's fees and costs already incurred in both this action and in Hardenbergh's suit against Patrons. Def.'s Mot. Stay Ex. 1 (Doc. 33-1). Patrons appealed the order to the Law Court, docket number CUM-12-387. Def's Mot. Stay Ex. 2 (Doc. 33-2). The Superior Court's ruling is stayed pending resolution of Patrons's appeal.

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

The Defendant claims that a stay is needed to allow him to complete Patrons's appeal of his favorable "duty to defend" judgment that was handed down by the Superior Court in July. The Defendant avers that the discrepancy in the resources of the parties is such that he can only mount an adequate defense if his insurance company funds the litigation. The Defendant also points to the chilling effect on First Amendment rights which comes from the burdensome costs associated with defending a lawsuit.

The Plaintiffs argue that the Defendant's financial resources are an inadequate reason to support a stay particularly where the Defendant has already drawn out the length and heightened the expense of the lawsuit by filing a motion to dismiss. "The expense created by Defendants' strategic litigation does not constitute a proper basis to stay this proceeding." Plaintiff's Opposition to Defendant's Motion to Stay 3. Plaintiffs seem to miss the point that their initial Complaint failed to state a claim upon which relief could be granted. It was hardly strategic gamesmanship for the Defendants to move to dismiss.

The Plaintiffs also point to *Cardelli v. DAE Aviation Enters. Corp.*, Civil No. 2:11-cv-217, 2102 WL 983584 (D. Me. March 22, 2012), a wrongful death case in which this Court denied a motion to stay pending the completion of litigation in New Hampshire to ascertain the extent of an insurer's liability. *Cardelli* is distinguishable from this case. There was no issue in *Cardelli* of whether the defendant could afford to mount an adequate defense without coverage by an insurer. The New Hampshire litigation involved an insurer's duty to indemnify

3

rather than a duty to defend, and there were no First Amendment interests at issue. On a renewed motion to stay, and after the Court received assurances that the New Hampshire litigation would be resolved within months rather than years, the Court decided that the stay was appropriate because it would "substantially affect" the prospects for settlement. Report of Pre-Filing Conference 2, Cardelli v. DAE Enters. Corp., Civil No. 2:11-cv-00217-NT (D. Me. June 21, 2012) (Doc. 63).

The Defendant contends that his defense in this suit, which is now entering discovery, will be significantly affected by whether his fees and costs will be covered by Patrons or come out of his own pocket. The Court is sensitive to the potential chilling effect on the press — particularly in a case where the Defendants are an individual and a small publication — caused by the prospect of having to defend prolonged and expensive litigation. *See Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 592, 592 n.10 (D.C. Cir. 2000) (summary proceedings are essential in First Amendment cases particularly where plaintiffs[1] sue "an individual who might be expected to have limited resources").

While the Court recognizes and appreciates the Plaintiffs' interest in pursuing their claims against the Defendants without delay, the Court sees minimal hardship to the Plaintiffs in staying this proceeding pending resolution of Patrons's duty to defend the Defendant. The Defendant has already received a judgment in his favor by the Superior Court, and he has represented to the Court that he will file a motion with the Law Court for a shortened briefing schedule and

---

[1] It appears that one of the plaintiffs in the *Guilford* case is a Plaintiff in this action.

4

expedited argument and "take all appropriate steps to ensure that the stay he requests is as short as possible." Def.'s Reply 1 (Doc. 40).

## CONCLUSION

The Court finds that the equities involved in this request for a stay favor the Defendant. Defendant's Motion to Stay this action pending the Law Court's resolution of Patrons's duty to defend the Defendant is hereby **GRANTED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 12th day of October, 2012.